**Daman SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–2200–ag.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2007.

Alexander J. Segal, Brooklyn, NY, for Petitioner.

Fred B. Westfall, Jr., Assistant United States Attorney, for Charles T. Miller, United States Attorney for the District of West Virginia, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Daman Singh, a native and citizen of India, seeks review of an April 15, 2005, order of the Board of Immigration Appeals ("BIA") affirming the October 31, 2003, decision of Immigration Judge ("IJ") Alan Vomacka denying Singh's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Daman Singh,* No. A 79 141 368 (B.I.A. Apr. 15, 2005), *aff'g* No. A 79 141 368 (Immig. Ct. N.Y. City Oct. 31, 2003). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the BIA summarily affirms the ruling of the IJ, we review the ruling of the IJ as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, upholding them if they are supported by "reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

Based on our review of the record, we identify no error in the challenged ruling. First, the record provides sufficient support for the IJ's finding that Singh could safely return to India because, for example, Singh had previously returned to India on two separate occasions without problem and his family continues to live in India. Second, we find no basis to disturb the IJ's adverse credibility finding. Singh's testimony at the hearing was not internally consistent, and the IJ correctly noted that no corroborating evidence was offered, even though at least Singh's passport and a statement from his brother in India were apparently available to Singh. These are "specific, cogent reasons" that "bear a legitimate nexus" to the adverse credibility

finding. *Secaida–Rosales,* 331 F.3d at 307 (internal quotation marks omitted). Since the only evidence supporting Singh's claims depended upon Singh's credibility as a witness, the IJ could properly deny Singh's claims for withholding of removal and CAT relief based on this adverse credibility determination.

Furthermore, we reject Singh's argument that the BIA violated his due process rights when it summarily affirmed the IJ's decision without a separate opinion. This Court has already established that "the streamlining regulations' provision for summary affirmance of IJ decisions by a single Board member does not deprive an asylum applicant of due process." *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 157 (2d Cir.2004).

Finally, we do not consider Singh's arguments that the IJ was biased or that the IJ failed to independently consider his claims because such arguments have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1).

Based on the foregoing, the petition for review is DENIED.